UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SARAH L. WARREN <br> AND DARRYL WARREN | CIVIL ACTION |
| VERSUS | NO. 13-2354 |
| BITUMINOUS CASUALTY <br> CORPORATION, ET AL | SECTION "H"(2) |

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Plaintiffs have failed to adequately allege subject matter jurisdiction in their complaint. Accordingly, Plaintiffs shall amend their complaint within 15 days from the entry of this Order or this case will be dismissed for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiffs filed the instant suit on April 22, 2013 seeking recovery for damages allegedly

1

sustained in an automobile accident. Plaintiffs' complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.

**LAW AND ANALYSIS**

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction in this case is allegedly premised upon diversity of citizenship. *See* 28 U.S.C. § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted). In this matter, the burden of proving complete diversity lies with Plaintiffs. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted). To carry this burden, Plaintiffs must "distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted). A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

Plaintiffs' complaint does not adequately allege the citizenship of either Bituminous Casualty Corporation, or J&K Enterprise, Inc. The complaint alleges that "Bituminous Casualty Corporation, [is] a foreign insurance company authorized to do and doing business in the State of Louisiana," and that J&K Enterprise, Inc. is a foreign corporation unauthorized to do and doing business in the State of Louisiana with its principal place of business in Purvis, Mississippi." These allegations do not distinctly and affirmatively allege the citizenship fo the parties. Therefore, Plaintiffs must amend their complaint to properly plead subject matter jurisdiction.

## CONCLUSION

Because the complaint in this matter fails to adequately allege jurisdiction, the Court ORDERS that Plaintiffs amend the complaint within 15 days from the entry of this Order to properly allege jurisdiction or the case will be dismissed for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 9th day of January, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3