UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| SARAH L. WARREN, ET AL | CIVIL ACTION |
| VERSUS | NO. 13-2354 |
| BITUMINOUS CASUALTY CORPORATION, ET AL | SECTION "H"(2) |

### ORDER AND REASONS

Before the Court is Defendants' Motions to Dismiss pursuant to Federal Rule of Civil procedure 4(m) (Docs. 16 & 29)[1]. For the following reasons, the Motions are **GRANTED**. Plaintiffs' claims against Defendant, J&K Enterprise, Inc., are **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiffs filed their complaint on April 22, 2013, asserting claims against three defendants.

---

[1] The two motions are substantively identical. It appears that Defendant filed the second Motion to Dismiss out of an abundance of caution after Plaintiffs amended their complaint.

1

Two of those defendants were promptly served. On September 10, 2013 — 141 days after the complaint was filed — the Court ordered Plaintiffs to show cause no later than September 24, 2013 as to why the remaining Defendant, J&K Enterprise, Inc. ("J&K"), had not been served. On September 23, 2013, Plaintiffs filed a Motion for Extension of Time to Serve ("First Motion"). In the First Motion, Plaintiffs offered no explanation for their failure to serve J&K, but noted that counsel for Defendants had no opposition to the motion. The Court granted the First Motion and gave Plaintiffs until October 24, 2013 (185 days after the complaint was filed) to serve J&K. On October 24, 2013, Plaintiffs filed a second motion for Extension of Time to Serve ("Second Motion"). Like the First Motion, the Second Motion offered no explanation for Plaintiffs' failure to timely serve J&K. Defendants filed an opposition to the Second Motion which stated that Plaintiffs' counsel had been notified in writing that Defendants would not consent to any more extensions. On October 25, 2013, the Court denied Plaintiffs' Second Motion without prejudice for failure to show good cause as to why service had not been completed on J&K. The Court granted Plaintiffs leave to file a motion within 10 days showing good cause their failure to timely serve J&K. Ten days later, Plaintiffs filed proof of service indicating that J&K had been served on October 30, 2013 (191 days after the complaint was filed). Plaintiffs never filed request for extension of time to serve. Defendants now move this Court to dismiss J&K pursuant to Rule 4(m).

**LEGAL STANDARD**

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. The court has discretion to extend the time for service even in the absence of good cause shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

In considering a motion to extend, courts employ a two-step process. "[The court] must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id*. The Fifth Circuit has explained that "good cause" is generally equated with "excusable neglect." *McDonald v. U.S.*, 898 F.2d 466, 467 (5th Cir. 1990). However, "inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and [] some showing of good faith and a reasonable basis for noncompliance within the time specified is necessary to show good cause." *Id*.

**LAW AND ANALYSIS**

**I. The Effect of the Amended Complaint**

Before considering the merits of Defendants' Motion to Dismiss, the Court must first

3

address the effect of Plaintiffs' amended complaint, which was filed on January 22, 2014. Specifically, the Court addresses whether the filing of the amended complaint restarted the 120-day time period for completing service. If the amended complaint restarted the 120-day period, the instant Motion would be rendered moot. However, if the amended complaint did not restart the service period, then the Court must determine whether the service on J&K was timely. The Fifth Circuit has not directly addressed whether the filing of an amended complaint restarts the 120-day period. However, other circuits have held that the filing of an amended complaint does not restart the service period as to defendants who were named in the original complaint. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (citing *Carmona v. Ross*, 376 F.3d 829 (8th Cir.2004)); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 377 (3d ed. 2002) ("filing an amended complaint in itself does not toll the service period, thereby providing an additional 120 days for service"). The Court finds the reasoning of the Tenth and Eighth Circuits persuasive and adopts the rule that the filing of an amended complaint does not interrupt or restart the 120-day service period as to Defendants who are not newly added by the complaint.

Not only is restarting the period contrary to law, it would be particularly inequitable in the instant case. The Court ordered Plaintiffs to amend their complaint because they failed to adequately plead subject matter jurisdiction in their original complaint. If the Court were to permit the filing of the amended complaint to restart the time to serve J&K, Plaintiffs failure to comply

4

with Rule 8(a)(1) would effectively excuse their failure to abide by Rule 4.  This would produce an absurd result.  Therefore, the Court holds that Plaintiffs' amended complaint did not establish a new 120-day service period as to J&K.

**II. Motion to Dismiss**

Plaintiffs offer two arguments in opposition to the Motion to Dismiss.  First, Plaintiffs assert that they can demonstrate good cause.  Second, Plaintiffs allege that a member of the Court's staff gave them permission to serve J&K in contravention of the Court's order.  These arguments will be addressed in turn.

Plaintiffs argue that they tried, once in May and again in June, to serve J&K via certified mail.  Both of these mailings were returned undeliverable.  Plaintiffs then attempted in July to serve J&K via FedEx.  On July 9, the FedEx mailing was returned to Plaintiffs' counsel as undeliverable.  Plaintiffs argue that, as a result of the unreturned mailings, it was necessary to hire a private process server to travel to Mississippi in order to ascertain the correct address for J&K.  Plaintiffs attached the affidavit of the private process server to their opposition.  The affidavit indicates that he was not retained by Plaintiffs' counsel until October 25, 2013.  Notably, this date is after the first extension had expired, and after the Court ordered Plaintiffs to show good cause for their failure to serve J&K timely.  Furthermore, the affidavit states that the private process server was able to locate and serve J&K's registered agent in four days. The record is devoid of any evidence that Plaintiffs made any effort to locate or serve J&K between July 9 and October 25.

5

Specifically, the record indicates that Plaintiffs made no effort whatsoever to accomplish service during the first extension granted by the Court. Therefore, the Court finds that Plaintiffs have not shown good cause for their failure to timely serve J&K. Additionally, for the reasons described above, the Court declines to exercise its discretion to extend the time to answer any further. The record indicates that Plaintiffs made no attempts to serve J&K during the first extension granted by the Court. Therefore, the Court is unable to find good cause to grant Plaintiffs a second extension.

The Court now turns to Plaintiffs' second argument, that a member of the Court's staff gave them permission to serve J&K in contravention of the Court's order. In response to Plaintiffs' Second Motion, the Court ordered that "Plaintiffs shall have ten days from the entry of this Order to re-urge their Motion to Extend. If Plaintiffs fail to timely re-urge their motion, the Court will enter an order dismissing Defendant J & K Enterprise, Inc. without prejudice as required by Rule 4(m)." Several days after the Court issued this Order, counsel for Plaintiffs contacted the Court's case manager. Plaintiffs' counsel indicated at that time that they had a return of service for J&K and requested permission to file the return into the record. The Court's case manager told Plaintiffs' counsel that they could file the return.[2] Plaintiffs now claim that this conversation with the case manager constituted permission to file the return of service in lieu of a motion

---

[2] Indeed, Plaintiffs were required to file the return. Fed. R. Civ. P. 4(l) ("proof of service must be made to the court").

6

demonstrating good cause.

This argument is unpersuasive. At the time Plaintiffs contacted the Court's case manager, Plaintiffs had already completed service outside the time allowed by the Court and contrary to the Court's Order. The Order specifically denied Plaintiffs' request for additional time to serve and clearly ordered Plaintiffs to file a motion showing good cause if they wished to obtain another extension. Instead of filing such a motion, Plaintiffs completed service without obtaining an extension from the Court. Only after the service was completed did Plaintiffs attempt to contact the Court. Because Plaintiffs failed to file a motion showing good cause, the Court will do exactly as it promised in the Order: "enter an order dismissing Defendant J & K Enterprise, Inc. without prejudice as required by Rule 4(m)."

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. Plaintiffs' claims against Defendant, J&K Enterprise, Inc., are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 30th day of January, 2014.

JANE TRICHE MILAZZO
**UNITED STATES DISTRICT JUDGE**

7